**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YESICA ROXANA JOVEL-JOVEL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1833 |
| | § | |
| PATRICK CONTRERAS, FIELD OFFICE | § | |
| DIRECTOR, IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, and | § | |
| JOSEPH SMITH, WARDEN, | § | |
| JOE CORLEY DETENTION CENTER | § | |
| | § | |
| Defendants. | § | |

## ORDER

Yesica Roxana Jovel-Jovel has been in the custody of Immigration and Customs Enforcement since August 2016. (Docket Entry No. 1 at ¶ 12; Docket Entry No. 6 at 2). She has moved for reconsideration of the court's October 29, 2018, memorandum and opinion, denying her motion for release on an order of supervision or a bond hearing before an immigration judge. (Docket Entry No. 19). The respondents, Patrick Contreras, the Immigration and Customs Enforcement Field Office Director in Houston, and Joseph Smith, Warden of the Joe Corley Detention Center, did not respond to the motion for reconsideration.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The alien must be detained during the 90-day removal period, which begins on the latest of:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The "removal period shall be extended beyond a period of 90 days and the alien may remain in detention . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

The parties agree that—at least for the first six months of Jovel's confinement—the statutory basis for Jovel's detention was § 1231(a)(6). (Docket Entry No. 6 at 10; Docket Entry No. 8-2 at 14; Docket Entry No. 13 at 4; Docket Entry No. 19 at 4–6). Section 1231(a)(6) allows the Attorney General to "detain[] beyond the removal period" any "alien ordered removed who is inadmissible under section 1182 of this title, . . . or who has been determined by the Attorney General to be . . . unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). Jovel is inadmissible under § 1182(a)(6)(A)(i) because she is "present in the United States without being admitted or paroled." (Docket Entry No. 12 at 3). According to the government, her detention has been discretionary since the 90-day removal period expired in November 2016. (*Id.*).

The Fifth Circuit has stayed Jovel's deportation, and the Board of Immigration Appeals has remanded her case to the immigration court. (Docket Entry Nos. 19-2, 21). Because "a court order[ed] a stay of [her] removal," Jovel is no longer within the removal period under § 1231(a)(1). The court orders the parties to brief the following issues:

- whether the Fifth Circuit has lifted the stay;

- whether Jovel is detained under 8 U.S.C. § 1226(a), *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058–59 (9th Cir. 2008);

- whether the immigration court has held a bond hearing to determine if Jovel is a

flight risk or a danger to the community;

- whether, in light of the stay and the Board's remand of Jovel's case to the immigration court, her removal is reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001);

- whether habeas relief is warranted because Jovel does not have a criminal history, *see Zadvydas*, 533 U.S. at 700 ("[I]f removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period."); and

- whether Jovel's continued detention satisfies due process.

Jovel's submission, limited to 15 pages, is due by February 15, 2019. The government must submit a response, limited to 15 pages, by February 25, 2019.

SIGNED on January 28, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge